```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

ANDREW L. CIBULA, Individually   :
and as parent and next friend
of D.C.                          :

    v.                            :    Civil Action No. DKC 15-2806

                                                  :

THE UNITED STATES OF AMERICA
                                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this malpractice case brought under the Federal Tort Claims Act ("FTCA") is a motion to dismiss filed by the United States. (ECF No. 5). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

Plaintiff Andrew L. Cibula ("Plaintiff") commenced this action by filing a complaint in this court against the United States on September 17, 2015. (ECF No. 1). The complaint recites that, on April 30, 2003, Plaintiff filed an administrative claim with the Navy in connection with prenatal medical care and treatment received by his wife Jennifer L. Cibula from October 2000 through May 2001. On September 27, 2007, the Navy issued an administrative determination denying his claims. After reopening the claims, the Navy again denied

them on February 26, 2009.  On August 19, 2009, Plaintiff, along with Ms. Cibula, filed a complaint in the United States District Court for the District of Maryland, but voluntarily dismissed the action four months later.  *See* 09-CV-2183-AW, ECF No. 3.

Plaintiff retired from the Navy on September 1, 2012.  (*See* ECF No. 6-1, at 2).  On August 25, 2014, Plaintiff refiled his claim with the Navy, asserting that the Servicemembers Civil Relief Act ("SCRA") tolled the statute of limitations for filing his administrative claim.  On November 26, 2014, the Navy informed Plaintiff that it would take no action on the claim. Interpreting the Navy's response as a denial, Plaintiff filed a claim with the Health Care Alternative Dispute Resolution Office of the State of Maryland ("HCADRO") on May 14, 2015.  Plaintiff filed a Waiver of Arbitration and a Certificate and Report of Meritorious Claim, and an Order of Transfer was issued by HCADRO on September 1, 2015.  As noted, Plaintiff filed the complaint in this court on September 17, 2015.

The United States urges dismissal on multiple grounds. First, it argues that this action is untimely because it was not filed within six months of the *original* denial of Plaintiff's administrative claim in 2009.  (ECF No. 5-1, at 9-14).  Next, the United States contends that the tolling provisions in the SCRA are not applicable, and thus Plaintiff's claims are barred by the FTCA's two-year statute of limitations.  (*Id.* at 14-17).

2

Finally, it asserts that even if the November 26, 2014 determination by the Navy is the actionable denial, Plaintiff still failed to comply with the FTCA's six-month limitation period by not filing this action until September 17, 2015. (*Id.* at 17-18).  It is not necessary to reach the United States' first two arguments.  Plaintiff voluntarily dismisses Count I, conceding that it is untimely because the SCRA "is inapplicable to claims brought by servicemembers on behalf of non-servicemembers like minor children." (ECF No. 6-1, at 13). As to Count II, Plaintiff contends that his May 14, 2015 filing with the HCADRO was a timely commencement of his action. (ECF No. 6-1, at 17).  Plaintiff's interpretation of the FTCA's six-month bar is incorrect.  This case must be dismissed as being untimely filed, even assuming *arguendo* that the six-month period appropriately runs from November 26, 2014.

The FTCA bars a plaintiff's claim unless it is "presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Wong*, 135 S.Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)). As this court recently noted:

> "[T]he plain meaning of the [FTCA's] statutory text is that an '*action* is begun' when it is filed in court." *Horsey v. United States*, No. ELH-14-03844, 2015 WL 1566238, at *5 (D.Md. Apr. 7, 2015)

> (emphasis in original) (quoting § 2401(b)). Judge Grimm held similarly in a recent Letter Order, stating that "filing a claim with the [HCADRO] is a substantive precondition to commencing a suit in the U.S. District Court, but such a filing does not begin an 'action' for the purposes of the [FTCA]." *Raplee v. United States*, No. PWG-13-1318, ECF No. 18 (D.Md. Feb. 11, 2014). Nothing in *Wong* changes this analysis or its application to the facts of this case.
>   The Supreme Court's decision in *Wong* did alter the nature of the FTCA's six-month bar, changing it from an unwaivable jurisdictional requirement to a nonjurisdictional bar subject to equitable tolling. *Wong*, 135 S.Ct. at 1638. "A plaintiff is entitled to equitable tolling 'only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Raplee v. United States*, No. PWG-13-1318, 2015 WL 9412520, at *2 (D.Md. Dec. 22, 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

*Lucas v. United States*, No. DKC-14-2032, 2016 WL 1446782, at *1-2 (D.Md. Apr. 13, 2016). Here, Plaintiff has made no assertion that extraordinary circumstances prevented timely filing after receiving the Navy's determination in November 2014. Moreover, Plaintiff has not shown that he has been pursuing his rights diligently, and the voluntary dismissal of the previous action, and significant delay in filing this action, strongly suggest otherwise.

4

Accordingly, the motion to dismiss will be granted. A separate order will follow.

                                    /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge